UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ZACHARIAH WILLIAM GREGORY LATNIE,

        Petitioner,          Case No. 1:16-cv-443

v.          Honorable Robert Holmes Bell

WAYNE KANGAS,

        Respondent.
_____/

## ORDER DENYING MOTION TO SEAL CASE

This is a habeas corpus action pursuant to 28 U.S.C. § 2254 filed on behalf of Petitioner Zachariah William Gregory Latnie by his putative next friend Kezia Kendall Latnie alleging that Petitioner is being detained unlawfully in the Clinton County Jail. Petitioner has filed a motion asking the Court to have this case placed "under seal" and "on a special case docket." (ECF No. 2, PageID.116.)

It is well-established that this Court "has supervisory power over its own records and files." *Nixon v. Warner Communications Inc.*, 435 U.S. 589, 598 (1978). This authority includes fashioning protective orders that limit access to certain court documents. *See* FED. R. CIV. P. 26(c). The Court's power to seal records, however, is subject to the "long-established legal tradition" of open access to court documents. *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1177 (6th Cir. 1983). "[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon*, 435 U.S. at 597 (footnotes omitted); *Brown & Williamson*, 710 F.2d at 1180 (ordering Federal Trade Commission

documents unsealed because "[t]he public has a strong interest in obtaining the information contained in the court record."); *see also In re Perrigo Co.*, 128 F.3d 430, 446 (6th Cir. 1997) (Moore, J., concurring in part and dissenting in part) (declaring that "[s]ealing court records . . . is a drastic step, and only the most compelling reasons should ever justify non-disclosure of judicial records"). There is a "presumptive right" of public access to court records, which permits inspection and copying. *Cristini v. City of Warren*, No. 07–11141, 2011 WL 5304566, at *2 (E.D. Mich. Nov. 3, 2011).

In exercising its discretion to seal judicial records, the Court must balance the public's common law right of access against the interests favoring nondisclosure. *See Nixon*, 435 U.S. at 602. "Only the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News–Sentinel Co., Inc.*, 723 F.2d 470, 476 (6th Cir. 1983). In order to have confidential information in a court record kept under seal, the movant must make a specific showing that disclosure of information would result in some sort of serious harm. *Tinman v. Blue Cross & Blue Shield of Michigan*, 176 F. Supp. 2d 743, 745 (E.D. Mich. 2001). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). A showing of substantial personal or financial harm is a prerequisite to an order sealing a file. *Id.*

In support of his motion, Petitioner indicates this case is "special, proprietary, private" and an "emergency." He offers nothing more to support his requests. Petitioner has failed to demonstrate he faces a sufficiently compelling reason to deviate from the presumption that court records should be available to the public.

Accordingly,

IT IS ORDERED that Plaintiff's motion to seal (ECF No. 2) is DENIED.

Date: July 6, 2016 /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge